UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

BRANDON BRYSON,  )
 )
    Plaintiff,  )
 )    No.: 4:19-CV-002-CLC-SKL
v.  )
 )
BEDFORD COUNTY,  )
 )
    Defendant.  )

## **M E M O R A N D U M**

This is a pro se prisoner's complaint filed pursuant to 42 U.S.C. § 1983. On June 20, 2019, the Court entered an order screening Plaintiff's complaint, providing that Plaintiff had twenty (20) days from the date of entry of the order to return a completed service packet to the Clerk, and notifying Plaintiff that if he failed to timely comply with that order and/or update his address with the Court within fourteen days of any address change, this action may be dismissed (Doc. 6 p. 2–5). Almost a month has passed since entry of this order, however, and two weeks ago, on June 28, 2019, the United States Postal Service returned the mail containing this order to the Court (Doc. 7). Moreover, Plaintiff has not complied with the Court's previous order, notified the Court of any address change, or otherwise communicated with the Court. Accordingly, for the reasons set forth below, this action will be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to comply with the Court's order is due to Plaintiff's willfulness and/or fault. Specifically, it appears that Plaintiff did not receive the Court's order due to his failure to provide the Court with his most recent address and/or monitor the case as required by the Court's local rule, of which the Court warned Plaintiff. As such, the first factor weighs in favor of dismissal.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendant.

As to the third factor, the Court warned Plaintiff that the Court would dismiss this case if he failed to update his address in a timely manner and/or failed to comply with the Court's orders (Doc. 6 p. 4–5).

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff was a prisoner who was granted leave to proceed *in forma pauperis* in this case (Doc. 5) and Plaintiff is not responding to orders or otherwise communicating with the Court.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of this action pursuant to Rule 41(b).

The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**An Order Will Enter.**

**ENTER:**

                                                **/s/**
                                                **CURTIS L. COLLIER**
                                                **UNITED STATES DISTRICT JUDGE**